UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| BANK OF NEW YORK MELLON F/K/A THE BANK OF NEW YORK, AS TRUSTEE, ON BEHALF OF THE REGISTERED HOLDERS OF ALTERNATIVE LOAN TRUST 2007-OA7, MORTGAGE PASS-THROUGH CERTIFICATES SERIES 2007-OA7,<br><br>Plaintiff,<br><br>v.<br><br>THUNDER PROPERTIES, INC., A Nevada corporation; SUNRISE VILLAS CONDOMINIUM HOMEOWNERS ASSOCIATION, a Nevada non-profit corporation; E. ALAN TIRAS, ESQ., an individual and E. ALAN TIRAS, P.C., a Nevada Professional Corporation,<br><br>Defendants. | Case No. 3:16-cv-00097-MMD-WGC<br><br>ORDER |

Defendant Sunrise Villas Condominiums Homeowners Association ("HOA") moves to strike Plaintiff Bank of New York Mellon, F/K/A Bank Of New York, As Trustee, On Behalf Of The Registered Holders Of Alternative Loan Trust 2007-OA7, Mortgage Pass-Through Certificates Series 2007-OA7 (hereinafter "BONYM" or "Plaintiff")'s notice of supplemental authority ("Notice") in support of its motion for summary judgment and opposition to the HOA's motion for the same (ECF Nos. 69, 72, 71, 72, 78). (ECF No. 79.) Alternative to the Court striking the Notice, the HOA asks that it be granted leave to file a response to the Notice. (*Id.* at 2–3.)

The Court will deny the HOA's motion to strike but grant it the alternative relief. Under Rule 12(f) a "court may strike from a pleading . . . any redundant, immaterial, impertinent, or scandalous matter." Matter is "immaterial" if it has no bearing on the controversy before the court. *In re 2TheMart.com, Inc Sec. Litig.,* 114 F. Supp. 2d 955,

965 (C.D. Cal. 2000). To the extent the supplemental authority that BONYM provides in the Notice —*Bank of New York Mellon v. Saticoy Bay LLC Series 1637 Bent Arrow*, No. 74953, 438 P.3d 340 (Table), 2019 WL 1645020 (Nev. April 12, 2019) (unpublished)— may have a bearing on the Court's analysis in this case the Court finds the authority is not immaterial. The Court acknowledges that the supplemental authority did not exist at the time the parties filed their respective motions. However, the Court deems the Notice as a surreply, but will permit it. Additionally, the Court finds that a response by the HOA would be helpful and should be allowed in fairness. The Court will therefore grant the HOA's alternative request to be permitted to respond to the Notice.

It is therefore ordered that the HOA's motion to strike (ECF No. 79) BONYM's Notice (ECF No. 78) is denied. The HOA is nonetheless permitted to file a response to the Notice within 7 days of when this order is entered.

DATED THIS 25th day of July 2019.

MIRANDA M. DU
UNITED STATES DISTRICT JUDGE